**Haywood HINTON, Appellant**

v.

**Jonathan C. MINER.**

No. 04–1760.

United States Court of Appeals,
Third Circuit.

Submitted Under Third Circuit
LAR 34.1(a) July 1, 2005.

Decided July 12, 2005.

Haywood Hinton, Rego Park, NY, pro
se.

Paul A. Blaine, Office of United States
Attorney, Camden, NJ, for Jonathan C.
Miner.

Before: SLOVITER, BARRY and
FISHER, Circuit Judges.

OPINION

PER CURIAM.

In 2003, Haywood Hinton, then serving
a 60–month custodial term on a federal
bank fraud conviction, filed a 28 U.S.C.
§ 2241 petition for a writ of habeas corpus
challenging the Bureau of Prisons' (BOP)
computation of the time it credited toward
service of his sentence. Hinton claimed
that the BOP failed to credit his sentence
for the entire period from November 28,
2001 through September 9, 2002. The
District Court rejected the habeas petition
on the merits, finding that Hinton was
properly credited for the time in dispute.
Hinton timely filed this appeal. Thereaf-
ter, Hinton finished serving his custodial
term; he is currently serving a five-year
term of supervised release.

The appellee argues that the appeal has
been rendered moot by Hinton's release
from BOP custody. We agree. An Article
III "case or controversy" must be present
at all stages of the litigation for a federal
court to exercise judicial power. *Lewis v.
Cont'l Bank Corp.,* 494 U.S. 472, 477–78,
110 S.Ct. 1249, 108 L.Ed.2d 400 (1990).
To maintain this appeal, Hinton must show
some "collateral consequence" of the al-
leged failure to properly calculate his cus-
todial term, and that his injury remains
"likely to be redressed by a favorable judi-
cial decision." *Spencer v. Kemna,* 523
U.S. 1, 7, 118 S.Ct. 978, 140 L.Ed.2d 43
(1998). While Hinton might claim that the
BOP's alleged miscalculation of his sen-
tence has affected his supervised release
term, any additional credit toward the cus-
todial portion of Hinton's sentence would
not shorten his period of supervised re-
lease. *See United States v. Johnson,* 529
U.S. 53, 58–60, 120 S.Ct. 1114, 146 L.Ed.2d
39 (2000) (holding that length of super-
vised release term may not be reduced by
undisputed excess time spent in prison);
*DeFoy v. McCullough,* 393 F.3d 439, 442 n.
3 (3d Cir.2005). Thus, given Hinton's re-
lease from custody and his failure to make
a showing of collateral consequences, we
will dismiss his appeal as moot.[1]

---

1. Were we to reach the merits, we would
affirm the denial of Hinton's habeas petition

for the reasons expressed in the District
Court's comprehensive Opinion. The record

is clear that Hinton was properly credited—partly toward two state sentences and the remainder toward his federal sentence—for the entire period from November 28, 2001 through September 9, 2002. In addition, insofar as Hinton seeks to raise a challenge to the District Court's 2001 order denying his pre-trial motion to suppress evidence in his criminal case, that issue is not properly raised in this § 2441 proceeding.